IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIVIANO PEREZ**, | : CIVIL ACTION NO. 1:23-CV-1199 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA**, *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Biviano Perez, challenges his 2019 conviction for possession with intent to deliver heroin in the York County Court of Common Pleas. We will dismiss Perez's sentencing claim with prejudice and dismiss his remaining claims without prejudice for failure to exhaust state court remedies.

**I.     Factual Background & Procedural History**

Following a guilty plea to one count of possession with intent to deliver heroin, Perez was sentenced to 7-14 years of imprisonment on January 8, 2019. See Commonwealth v. Perez, No. 246 MDA 2019, 2020 WL 359725, at *1 (Pa. Super. Ct. Jan. 21, 2020). Perez appealed, arguing that the court abused its discretion by imposing a sentence greater than the minimum aggravated sentence under Pennsylvania law. Id. The Pennsylvania Superior Court affirmed. Id. Perez did not file a timely request for review by the Pennsylvania Supreme Court, but in 2023 he filed a petition for leave to appeal the Superior Court's ruling *nunc pro tunc*. (Doc. 1 at 2, 6). The Pennsylvania Supreme Court denied the petition on May 25,

2023.  (Id. at 2).  Perez did not seek state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA").  (Id. at 4).

Perez filed the instant petition on June 30, 2023, and the court received and docketed the petition on July 19, 2023.  (Id. at 14).  He advances the same sentencing claim that he previously raised before the superior court and two claims of ineffective assistance of counsel in which he asserts that his failure to timely appeal the superior court's ruling to the Pennsylvania Supreme Court was due to abandonment by counsel.  (Id. at 5-8).  Perez acknowledges that he has not raised his ineffective assistance of counsel claims in state court.  (Id. at 7-8).

**II.     Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.

**III.    Discussion**

Dismissal of this case under Rule 4 is appropriate.  Perez's sentencing claim asserts only a violation of state law, and federal habeas corpus relief is not available for violations of state law.  Jones v. Hendrix, 599 U.S. __, 143 S. Ct. 1857, 1875 (2023) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

Perez's ineffective assistance of counsel claims will be dismissed because he has not exhausted state court remedies.  Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To do so, the

2

petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842.  Perez acknowledges that he has failed to exhaust state court remedies by failing to raise his ineffective assistance of counsel claims in state court.  (Doc. 1 at 7-8).

Because the ineffective assistance of counsel claims have not been exhausted, we must determine whether they are procedurally defaulted.  Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits.  Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).  Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Courts that are uncertain whether claims are procedurally defaulted should dismiss the claims without prejudice for failure to exhaust rather than reaching the issue of procedural default.  Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000).

We cannot conclude on the present record that Perez's ineffective assistance of counsel claims are procedurally defaulted.  Under Pennsylvania law, a petitioner must file a petition for state collateral relief under the PCRA "within one year of the date the judgment becomes final, unless the petition alleges and the petitioner

3

proves that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).[1]  There appears to be a possibility that Perez could file a PCRA petition that would be deemed timely in state court pursuant to Section 9545(b)(1)(ii) because Perez was purportedly unaware of the relevant facts until January 2023.  Perez asserts that he failed to file a timely appeal of the superior court's decision due to abandonment by his direct appeal counsel and that he did not learn of counsel's failure to file an appeal on his behalf until January 2023. (Doc. 1 at 6).  We are thus uncertain whether Perez's ineffective assistance of counsel claims would be deemed procedurally defaulted in state court and we will consequently dismiss the claims without prejudice for failure to exhaust state court remedies without reaching the issue of procedural default.  See <u>Lines</u>, 208 F.3d at 163.

## IV.     Conclusion

We will dismiss Perez's sentencing claim with prejudice and dismiss his ineffective assistance of counsel claims without prejudice.  A certificate of appealability will not issue because jurists of reason would not debate the

---

[1] Section 9545(b)(1) recognizes two other situations in which a petition filed after the one-year limitations period expires may be deemed timely, neither of which is relevant to the instant case.

correctness of this procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

An appropriate order shall issue.

/S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 26, 2023